

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. H. Griffin
County Attorney
Young County
Graham, Texas

Dear Sir:                    Opinion No. 0-2972-A
                             Re:  Reconsideration of Opinion
                                  No. 0-2972.

        Your letter of January 18, 1943, regarding the
above mentioned opinion, in effect, calls for a reconsidera-
tion of said opinion No. 0-2972. We quote from your letter
as follows:

        "The County Auditor and I have been attempt-
    ing to reconcile your opinion number 0-2972, de-
    livered January 2, 1941, with Binford vs. Harris
    County, 261 S. W. 535 and McKinney vs. Collings-
    worth County, 259 S. W. (2) 234. As I construe
    the above cited cases they hold that the 15¢ paid
    the Sheriff under section 1 of Article 1040 CCP
    is not a fee of office and does not have to be
    accounted for by said officer. Your opinion above
    mentioned holds to the contrary.

        "Please advise me which of these authorities
    should be followed. In so far as I have been able
    to determine your opinion has never been, by your
    department, modified or reversed."

        When opinion No. 0-2972 was written we carefully
considered the cases of Harris County v. Hammond et al., 203
S. W. 445; Binford v. Harris County, 261 S. W. 535; Nolan
County v. Yarbrough, 34 S. W. (2) 302, and the authorities
cited therein and recognized that these cases held, among
other things, that the fifteen cents provided for under Sec-
tion 1 of Article 1040, Vernon's Annotated Code of Criminal
Procedure, did not constitute a fee of office that had to be
accounted for as such. However, in view of Article 3891,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Vernon's Annotated Civil Statutes, as amended since the opinions in these cases were rendered, which provides in part:

". . . .

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office."

We were of the opinion that the above quoted terms of this statute (Article 3891, supra) were inclusive to the extent that in order for fees to be exempt thereunder, they must be specifically excluded. (See the cases of Nichols v. Galveston County, Supreme Court, 228 S. W. 547 and Ellis County v. Thompson, 66 S. W. 49). As later stated in the case of Taylor et al. v. Brewster County, 144 S. W. (2) 314, it was our opinion that "the change in the staute rather broadens than restricts what are to be determined official fees. Article 3891, R. S. 1925, Vernon's Annotated Civil Statutes, Article 3891". (See the case of Nueces County v. Currington et al., 162 S. W. 687). However, on February 16, 1942, after our opinion No. 0-2972 was written, the Court of Civil Appeals of Texas, at Amarillo, in the case of McKinney v. Collingsworth County et al., 159 S. W. (2) 234, expressly held that the allowances to sheriffs for safe keeping of prisoners under Section 1 of Article 1040, Vernon's Annotated Code of Criminal Procedure, do not constitute fees of office but are mere perquisites of office for which the sheriff is accountable to no one. It will be noted that this case further holds that profits made under Section 2 of Article 1040, supra, relating to the allowances to a sheriff for the support and maintenance of prisoners should be reported as "fees of office".

Honorable E. H. Griffin, Page 3


We think the opinion of the court in McKinney v. Collingsworth County et al., supra, should be followed until the Supreme Court holds to the contrary. Therefore, our opinion No. O-2972 is expressly overruled and withdrawn.

This opinion is to be construed as applying only to those counties wherein the county officials are compensated on a fee basis.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 3, 1943

ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:mp


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN